ROTHENBERG, Judge.
The defendant, Ronnie Bynum, petitions for a writ of habeas corpus to remedy his illegal pretrial incarceration with no bond. We grant the petition for writ of habeas corpus and remand to the trial court to set a reasonable bond taking into consideration the criteria as set forth in section 903.046, Florida Statutes (2005).
On May 20, 2005, the State of Florida (“State”) filed an information against the defendant for DUI with serious bodily injury and property damage resulting from an accident that had occurred months earlier. The defendant, however, was never arrested on that charge, was not booked on that charge, and the trial court did not set any conditions for pretrial release. Therefore, the defendant was not placed on pretrial release pursuant to sections 903.047-903.0471, Florida Statutes (2005).
Subsequently, the defendant was arrested on an unrelated misdemeanor charge and the trial court ordered him held without bond pursuant to section 903.0471, Florida Statutes, for violating the conditions of his pretrial release. We find, however, that because the defendant has never been booked or given a pretrial release order establishing the conditions for his pretrial release, he could not have violated his pretrial release conditions. The trial court, therefore, had no authority to order that the defendant be held without bond in this instance.
The Miami-Dade County Corrections and Rehabilitation Department shall deliver the defendant to the trial court within 24 hours and the trial court is directed to set a reasonable bond after considering the criteria contained in section 903.046, Florida Statutes and any other factors to insure the defendant’s appearance before the court, the safety of the community, and the orderly administration of justice.
Petition for writ of habeas corpus GRANTED and this cause is remanded for further proceedings consistent with this opinion.
This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.